NICK MITAROTONOA, PETITIONER-DEFENDANT, v. WAL-
TER KIDDE & CO., INC., AND LIBERTY MUTUAL INSUR-
ANCE CO., RESPONDENTS-PROSECUTORS. `

Submitted May 7, 1946—Decided June 5, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the respondents-prosecutors, *John W. Taylor.*

For the petitioner-defendant, *Sidney C. Swirsky & David
Roskein* and *John A. Laird.*

The opinion of the court was delivered by

BODINE, J.   This is a workmen's compensation case.

Petitioner was awarded compensation in the Bureau and
this action was affirmed in the Court of Common Pleas.   The
case comes before us on an application for a writ of *certiorari.*
It was denied by a single justice.

In the Bureau, the Deputy Commissioner found that an
injury, by accident, was suffered and allowed benefits from
August 22d, 1943, to July 31st, 1944, and permanent disa-
bility benefits equal to 100% disability of the right leg for
175 weeks and certain medical expenses and counsel fees.

Claimant on August 18th, 1943, was fifty-eight years of age
and had been employed by the defendant company for four
months.   He was engaged in loading a trailer with shells.
The shells weighed from thirty to thirty-five pounds and three
or four hundred were placed on the trailer.   On the day in
question, the trailer tipped and many of the shells fell on
petitioner's right leg from the knee down.   The petitioner
was helped to his feet and after he had rested in the fresh air
for awhile he was taken to the factory nurse, who let him

sit down and gave him a glass of water. He went back to work; his leg hurt and bothered him. He went to work the next day, limping. He was then taken to the first aid. The next day, on instructions, he went to the doctor at first aid. The company doctor was not there but he was told to soak his foot or leg in epsom salts and come back the next day. He went to his own doctor and following his advice was admitted to the Presbyterian Hospital on the 23d of August, 1943. At the hospital, his right leg was amputated above his knee.

Petitioner's physician, Dr. Schreck, connected with the Newark City Hospital, the Newark Presbyterian Hospital and St. Michael's Hospital, has practiced in this state some sixteen years. Dr. Schreck had treated him previously for an infection of a bone of the right big toe. In April of 1943, the condition had cleared up. When he was consulted on the evening of August 20th, 1943, he diagnosed the petitioner's difficulty as the beginning of gangrene of the right foot. This was confirmed by a blood count and urinary analysis. Hence, he had him hospitalized. A minor operation was performed, later followed by the amputation referred to.

Another physician testified that the occurrence of the gangrene resulted from the trauma described, and that there was causal connection between the two.

After fully examining the proofs, we can only concur in the fact finding by the two concurring tribunals.

The writ of *certiorari,* under the rule laid down in *Davies v. Onyx Oil and Resin Co.,* 130 *N. J. L.* 381, will be denied, with costs.